**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREA KATHERINE LOPEZ VASQUEZ,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Civil Action No. 26-12888 (BRM)<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Petitioner Andrea Katherine Lopez Vasquez's ("Petitioner") Second Petition for Writ of Habeas Corpus ("Second Petition") pursuant to 28 U.S.C. § 2241, challenging her continued detention under 8 U.S.C. § 1226(a). (ECF No. 1.) Respondents filed a response submitting that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and withdrew her request for a bond hearing. (ECF No. 4.)

Petitioner, a citizen of Ecuador, entered the United States unlawfully on or about May 17, 2024, and was detained at the border. *See Lopez Vasquez v. Warden of Delaney Hall Det. Fac.*, No. 26-11441 (ESK), ECF No. 6-1 at 2. An immigration official concluded Petitioner had established a credible fear of persecution on July 2, 2024, and she was released with reporting requirements on September 3, 2024. *Id.*, ECF No. 6-1 at 3. On June 21, 2026, Petitioner was arrested for simple assault, and on September 3, 2026, Immigration and Customs Enforcement ("ICE") officials detained Petitioner. *Id.*, ECF No. 6-1 at 3–4.

On September 3, 2026, Petitioner filed her first petition for writ of habeas corpus. *Id.*, ECF No. 1. On September 24, 2026, the Honorable Judge Edward S. Kiel granted Petitioner's first petition and ordered Respondents to provide Petitioner with an individualized bond hearing

pursuant to 8 U.S.C. § 1226(a) within seven days of the date of that order. *Id.*, ECF No. 7. Petitioner's bond hearing occurred on or about September 29, 2026. *Id.*, ECF No. 10. At the hearing, Petitioner withdrew her request for bond. *Id.*, ECF No. 10-1.

On October 1, 2026, Petitioner filed the Second Petition arguing she is unlawfully detained under 8 U.S.C. § 1226(a) without an individualized bond hearing. (*See generally* ECF No. 1) Petitioner argues her initial bond hearing was scheduled with no advance notice. (*See id.*) Respondents filed an expedited response submitting that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and has failed to exhaust her administrative remedies. (*See* ECF No. 4.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zavias v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under Section 1226(a), which authorizes the Government to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true

character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 36 at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an immigration judge, and to appeal the IJ's decision to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278-79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the non-citizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

"Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)). "[I]t is well settled that judicial review is precluded if the [non-citizen] has failed to avail himself of all administrative remedies." *Duvall*, 336 F.3d at 233 (quoting *Massieu v. Reno*, 91 F.3d 416, 421 (3d Cir. 1996)). A petitioner's failure to exhaust his claim before the immigration court is generally "fatal to the District Court's jurisdiction over [a] habeas petition." *Id.*

"[E]xhaustion is not required when the petitioner demonstrates that it is futile." *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring). But failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J.

June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him."). Here, Petitioner withdrew her request for bond on September 29, 2026. *Lopez Vasquez*, No. 26-11441, ECF No. 10-1. Therefore, to the extent Petitioner argues that her rights are being violated by her detention under 8 U.S.C. § 1226(a), Petitioner has not exhausted her administrative remedies and the Court lacks jurisdiction over the Second Petition.

Accordingly, and for good cause appearing,

**IT IS** on this 28th day of October 2026,

**ORDERED** that the Second Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**